UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARC JASMIN,

                      Plaintiff,

                                    MEMORANDUM & ORDER
       -against-                  22-CV-6743(JS)(LGD)

JOHN L. MACCARONE, PC, JOHN L.
MACCARONE, PC, Lawyer;

                      Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:    Marc Jasmin, _pro se_
                 2022000303
                 Nassau County Correctional Facility
                 100 Carman Avenue
                 East Meadow, New York  11554

For Defendants:   No appearances.

SEYBERT, District Judge:

        Presently before the Court is the application to proceed _in forma pauperis_ ("IFP") filed by _pro se_ plaintiff Marc Jasmin ("Plaintiff") while incarcerated at the Nassau County Correctional Center.  (IFP App., ECF No. 7.)  Plaintiff commenced this action on November 3, 2022, by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against his criminal defense attorney, John L. Maccarone, and the attorney's law firm, John L. Maccarone, PC, (together, "Defendants").  (Compl., ECF No. 1, ¶¶ I.B., II.) For the reasons that follow, Plaintiff's IFP application is GRANTED; however, the Complaint is DISMISSED for failure to allege a plausible claim for relief.

BACKGROUND

Plaintiff's sparse Complaint is submitted on the Court's form complaint for civil rights actions under Section 1983 and alleges the following, in its entirety:[1]

> I hired John L Maccorone P.C. to represent me on a court case, then after on another court case.  I paid him all the fund's agreed on retainer.  Every time I asked him an update on case's he became very disrespectful and refuse to give me a copy of my discovery and demanded more money even though I paid him all I owed him.  On second case after one court appearents he wanted me to take a plea and gave me false information and he recived 1500 Bail when there was no Bail.  I was released without any Bail.  We hired him to help us but he didn't he made things worse.  He breached contract and didn't resolve none of my cases and got paid in full.

(Compl., ¶ II.)  Where prompted for a description of any injuries suffered, or medical treatment required, Plaintiff responded that his sole injury was "[m]ental [s]tress."  (Id. ¶ II.A.)  For relief, Plaintiff seeks "some of [his] funds back and the bail money back."  (Id. ¶ III.)

DISCUSSION

I.   Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

IFP application is GRANTED.

II.  Legal Standards

   A.  Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A

        Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).  The Court is required to dismiss the action as soon as it makes such a determination.  See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

        Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). Further, a pleading that only "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. <u>Id.</u> at 678 (internal quotation marks and citation omitted). Consequently, a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988); <u>Tawfik v. Georgatos</u>, No. 20-CV-5832, 2021 WL 2953227, at *2 (E.D.N.Y. July 14, 2021) (Seybert, J.).

    B.   <u>Section 1983</u>

    Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

4

42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

III. Application of 28 U.S.C. §§ 1915, 1915A

Applying these standards to Plaintiff's Complaint, even with the special solicitude afforded to pro se pleadings, it is readily apparent that Plaintiff's Section 1983 claims are not plausible.  As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law.  Thus, private parties are generally not liable under Section 1983 because such liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (citation omitted).

Generally, attorneys are not state actors for purposes of Section 1983 regardless of whether they are court-appointed or retained. See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); see

also Brown v. Legal Aid Soc'y, 367 F. App'x 215, 216 (2d Cir. Feb. 23, 2010) (holding that a public defender does not act under color of state law when performing "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Nevertheless, liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). To state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id.

As is readily apparent here, Plaintiff's Section 1983 claims must be dismissed because his sparse allegations do not suggest that Defendants are state actors nor that they conspired with a state actor to inflict an unconstitutional injury.[2] (See

---

[2] Moreover, given that Plaintiff has alleged that his only injury suffered is "mental stress" (see Compl., ¶ 2II.A), his claims also fail because the Prison Litigation Reform Act requires that a claim under Section 1983 include allegations of physical harm. See 42 U.S.C. § 1997e(e); see also Gunn v. Malani, No. 20-CV-2681, 2021 WL 5507057, at *9 (S.D.N.Y. Nov. 23, 2021) ("[C]ourts have consistently held that [§] 1997e(e) bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury." (quoting Cox v. Malone, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002))), aff'd, 56 F. App'x 43 (2d Cir. 2003); Greene v. Dep't of Corr., No. 10-CV-5344, 2012 WL 694031, at *3 (S.D.N.Y. Mar. 5, 2012) ("[c]ases asserting emotional harm, unaccompanied by a claim of physical harm, are routinely dismissed [under

<u>generally</u> Compl.)   Accordingly, Plaintiff's Section 1983 claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

IV.   <u>State Law Claims</u>

Plaintiff also alleges state law breach of contract claims.  Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims and dismisses them without prejudice.  28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims.").  Plaintiff may pursue any valid state law claims, including breach of contract, in state court.

IV.   <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless

---

§ 1997(e)].")

amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted.  Here, **Plaintiff is GRANTED leave to file an Amended Complaint in accordance with the Federal Rules of Civil Procedure and the guidance set forth herein within 30 days from the date of this order**.  Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same Docket Number as this Order, 22-CV-6743(JS)(LGD).  Further, because the Amended Complaint will completely replace the original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case.

**<u>PLAINTIFF IS WARNED that</u> if he does not file an Amended Complaint within 30 days from the date of this Order, judgment will enter and this case will be closed without further notice.**

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 6) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A; and

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT, in accordance with the guidance set forth above, within 30 days from the date of this Order.  Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same case number as identified in this Order, No.

8

22-CV-6743(JS)(LGD).  Plaintiff is WARNED that if he does not file an Amended Complaint within 30 days from the date of this Order, judgment will enter and this case will be closed; and

       **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962); and

       **IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the <u>pro se</u> Plaintiff and include the notation "Legal Mail" on the envelope.

       SO ORDERED.


       /s/ JOANNA SEYBERT
       Joanna Seybert, U.S.D.J.

Dated:  December 9, 2022
       Central Islip, New York